# JAMES A. CUMMINS

*v.*

## WILLIAM H. HOLMES *et al.*

*Filed at Ottawa September 28, 1883*

APPEAL—*in replevin*—*as to amount involved.* An appeal lies from the Appellate Court to this court in an action of replevin, where the value of the property replevied exceeds $1000, without regard to the extent of the interest of the contesting parties thereto. If the evidence shows the property to exceed this sum in value, this court will have jurisdiction.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Mercer county.

Messrs. McCAGG & CULVER, for the appellant.

Messrs. BASSETT & WHARTON, for the appellees.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

· This is a motion to dismiss the appeal for want of jurisdiction. It appears from the record that William H. Holmes and others, the appellees, having become sureties of Samuel W. Gailey, on a note for $500, the latter, by way of indemnity, executed to them a chattel mortgage on a stock of goods belonging to him. After appellees had taken possession of the goods under the mortgage, James A. Cummins, the appellant, having in his hands, as sheriff, an execution in favor of Crofoot, Steele & Co., against Gailey, for $722 and costs, levied the same upon the stock of goods in question, as the property of Gailey. Appellees thereupon brought an action of replevin against the sheriff for the recovery of the goods. On the trial of the cause the issues were found for the plaintiffs, and judgment entered accordingly. On appeal to the Appellate Court the judgment of the circuit court was affirmed,

and Cummins thereupon appealed to this court. The appellees now move to dismiss the appeal, on the ground the amount in controversy does not exceed $1000.

If the jurisdiction of this court depends upon the amounts of the claims of the mortgagees and execution creditors taken separately, then the position of appellees is well taken, for neither the execution nor the mortgage amounts to $1000. On the other hand, if they are to be aggregated they amount to more than that sum, and by this test the appeal clearly lies. But we do not think either of these views is the correct one. The object of the present suit is not to adjust or settle the rights of the parties with respect to the ultimate distribution of the property or its proceeds among the claimants, but, on the contrary, to recover the property itself. The action then being to recover the possession of the property itself, and not to determine the plaintiff's or defendants' ultimate interest therein, the value of the property alone must be looked to in determining this court's jurisdiction. A moment's reflection would seem to demonstrate this to be the true view. By the execution of the replevin writ the plaintiff, whether he has any right to the property or not, is put into the absolute possession and control of it, and often, as was done in this case, sells and disposes of it before the cause is brought to a hearing. Suppose, in such case, the plaintiff finally fails in his suit, and it turns out he had no interest in the property whatever. The property is gone and he can not restore it, and, of course, he and his sureties on the replevin bond are bound for the full value of it. This simple illustration clearly shows that the sum or value in controversy in a replevin suit is the value of the property replevied, and so this court has uniformly held.

Again, suppose the sheriff had sold or otherwise converted the property in dispute to his own use before the service of the replevin writ, and the plaintiffs had inserted a count in trover in their declaration for the conversion of the goods, it

is clear the plaintiffs would be entitled to recover the full value of the property, although they would hold a portion of the proceeds, when recovered, in trust either for the plaintiffs in the execution, or the mortgagor, as their interests might appear. This often happens where the suit is brought by a bailee for hire, for the tortious conversion by a stranger of the subject of the bailment. The bailee, in such case, is always permitted to recover the full value of the property, although his interest in the proceeds is limited, otherwise the wrongdoer would be liable to be harassed by several actions at the suit of different persons for the same wrong, with respect to the same property. This the law does not permit, and hence the rule in question.

We are clear, therefore, both from the language of the statute and the construction heretofore given it by this court, as well as from the analogies of the law, that the value of the property replevied, alone, should be looked to in determining the question before us. The property in dispute in this case is clearly shown by the evidence to exceed $1000, and it therefore follows the appeal was properly brought to this court, and hence the motion to dismiss must be overruled.

*Motion denied.*