ROSCOE G. JORDAN

*v.*

R. F. DAVIS *et al.*

*Filed at Springfield Oct. 1, 1883—Rehearing denied January.Term, 1884.*

1. APPEAL—*as to amount or value involved—in forcible detainer.* Forcible detainer was brought by a lessee against a prior tenant in possession. The plaintiff's claim to the premises was under a lease from the owner, for a term of five years, from March 1, 1882, at the rent of $1650 per year. The defendant's claim was under a paper purporting to be a lease from the same lessor, covering the same term, for the rent of $1500 per year. On appeal to the Appellate Court a judgment for the defendant was affirmed. On a further appeal to this court, it was held the amount or value involved in the suit exceeded $1000, and on that ground jurisdiction of the appeal was entertained.

2. DEED—*delivery—effect of placing in hands of grantee.* It is essential that a deed, lease, or other instrument, should be understood by the parties to be completed and ready for delivery, in order to have the mere placing of it in the hands or possession of the grantee or his agent construed into a delivery.

3. CONTRACT—*delivery essential—question of intent.* The delivery of a written contract is indispensable to its binding effect, and such delivery is not conclusively proved by merely showing the placing of the paper by one of the alleged contracting parties .in the hands of the other. Delivery is a question of intent, and it depends on whether the parties at the time meant it to be a delivery to take effect presently.

4. SAME—*placing lease in hands of lessee to procure a guaranty, no execution or delivery.* Where the owner of land had a written lease drawn, which was signed by the parties, and left with the lessee to procure an indorsement of a guaranty for the payment of the rent and to have a duplicate drawn, it was *held*, this was no execution or delivery of the lease as the deed of the lessor, and could not be such until the guaranty of the rent had been obtained, and that the subsequent communication of the lessee to the lessor of the former's inability to obtain the guaranty, terminated the negotiation and the initiatory proceeding in making the lease, and that a guaranty subsequently obtained availed nothing without the assent of the lessor.

5. EVIDENCE—*parol, to rebut presumption of delivery of deed.* While it is not competent to contest a deed by parol evidence when it has once taken effect by delivery, it is always competent by such evidence to show that the deed, though .in the hands of the grantee, has never been delivered.

For this purpose the original verbal agreement may be shown,—as, that a written guaranty for the payment of rent was to be procured and indorsed on a lease before it should take effect, and that it was placed in the lessee's hands merely to enable him to get such indorsement.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. TIPTON & TIPTON, for the appellant:

This is a proceeding to recover possession of $5000 worth of property. It is not an action *ex contractu,* and section 25, chapter 37, and section 91 of the Practice act, in the Revised Statutes, does not affect the right to an appeal or writ of error. Until a duplicate lease was drawn, and the guaranty indorsed thereon, no binding agreement existed. *Boyd* v. *Hind,* 36 Eng. L. & Eq. 366; *Govener* v. *Petch,* 28 id. 479; *Townsend* v. *Hubbard,* 4 Hill, 351; *Townsend* v. *Coming,* 23 Wend. 443; *Fisk* v. *Levine,* 16 La. Ann. 29; *Dodge* v. *Hopkins,* 14 Wis. 630; *Crane* v. *Partland,* 9 Mich. 493; *Morrill* v. *Tahama M. and M. Co.* 10 Nev. 125; *Tewksbury* v. *O'Connell,* 21 Cal. 6.

After notice of inability to procure the guaranty as agreed, Pearce had the right to treat the negotiation as ended, and lease to appellant. Parsons on Contracts, 477; *Baker* v. *Johnson,* 4 Wheat. 226; *Carr* v. *Duvall,* 14 Pet. 77; *Jenness* v. *Mt. Hope Iron Co.* 53 Mo. 20; *B. and M. S. Ry. Co.* v. *Town of Unity,* 62 Mo. 148; *Fox* v. *Turner,* 1 Bradw. 155.

A delivery is indispensable to the validity of a lease. *Benton* v. *Martin,* 52 N. Y. 570; *Chandler* v. *Chandler,* 21 Ark. 95; *Hing* v. *Woodbridge,* 34 Vt. 565; *Crane* v. *Partland,* 9 Mich. 493; *Choteau* v. *Sydam,* 21 N. Y. 181; *Callender* v. *Cosgrove,* 17 Conn. 1; *Burson* v. *Huntington,* 21 Mich. 416; *Morrill* v. *Tahama M. and M. Co.* 10 Nev. 129.

The copy of the lease being in the possession of appellee Davis, was but *prima facie* evidence of its delivery, (*Billings*

v. *Stark*, 15 Fla. 297,) and may be shown by proof.   *Tunison* v. *Chamblin*, 88 Ill. 378.

The question of delivery is one of intention, and the possession of the instrument is but *prima facie* evidence of delivery. *Billings* v. *Stark*, 15 Fla. 297;   *Hill* v. *Ege*, 79 Pa. St. 15; *Gould* v. *Day*, 94 U. S. 405;   *Carnes* v. *Platt*, 41 N. Y. 435.

If the deed is merely left with the grantee for examination, or if anything more remains to be done to perfect it, there is no delivery.   *Stiles* v. *Probst*, 69 Ill. 382; *Groves* v. *Dudley*, 20 N. Y. 76.

Mr. H. G. REEVES, for the appellees:

This suit does not involve $1000, but simply the right of possession to land.   The recovery of rent or damages is not involved, and hence the judgment of the Appellate Court is final.   *McGuirk* v. *Burry*, 93 Ill. 118; *Preston et al.* v. *Gahl*, 94 id. 586; *Schofield et al.* v. *Pope*, 104 id. 130.

This case should be affirmed, because justice has been done.   If Pearce, before he and Davis went into 'Squire Shepherd's office to have the contract drawn and executed, said to Davis he wanted Snyder's guaranty, Davis' failure to obtain this guaranty does not invalidate the written contract under seal.   *Pickrel* v. *Rose*, 87 Ill. 263; *Fitzgerald* v. *Staples*, 88 id. 234; *Weaver* v. *Fries*, 85 id. 356.

If Pearce and Davis agreed, after the written lease was signed, and after Pearce had ordered the 'Squire to deliver the same to Davis, that Snyder's guaranty should be obtained, this would be an agreement without consideration, and would not invalidate the sealed instrument.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was an action of forcible detainer, brought by Jordan, against Davis and one Twoma, a tenant under Davis.   One Pearce was the owner of the premises.   He had previously

leased them to Davis for a term of five years, which would
expire March 1, 1882, the payment of the rent having been
guarantied by one Snyder, the father-in-law of Davis, the
guaranty being indorsed on the lease. Jordan's (the plain-
tiff's) claim to the premises was under a lease from Pearce,
the owner, bearing date December 2, 1881, for the term of
five years, from March 1, 1882, at the rent of $1650 per year.
Davis' (the defendant's) claim was under a paper writing
purporting to be a lease from Pearce to Davis, made October
6, 1881, for the term of five years, from March 1, 1882, for
the rent of $1500 per year. There was judgment for the
defendants, which was affirmed by the Appellate Court for
the Third District, and the plaintiff appealed to this court.

A motion was made to dismiss the appeal for want of juris-
diction of this court. The amount or value involved in the
suit appears to be more than $1000, and on this ground we
are of opinion this court may properly entertain jurisdiction
of the appeal. See *Cummins* v. *Holmes et al.* 107 Ill. 552.

The point of contest, on the merits of the case, is whether
the paper writing of October 6, 1881, purporting to be a lease
from Pearce to Davis, was ever delivered by Pearce to Davis,
so that it became a valid lease binding upon Pearce. Pearce
resided in Kentucky, and there was evidence tending to show
that on October 6, 1881, Pearce met Davis at Chenoa, in this
State, where the premises are situate, and made an agree-
ment with Davis to lease to him the premises for five years,
from March 1, 1882, at the rent of $1500 per year, the pay-
ment of the rent to be guarantied by Snyder, the father-in-
law of Davis, by Snyder's guaranty in writing indorsed on
the lease, as it had been on the former lease; that they went
into the office of a scrivener to have the lease drawn in dupli-
cate; one was drawn and signed by Pearce and Davis, and
Pearce, being about to leave on a train for Chicago, could not
wait for the duplicate to be drawn, and it was left to be drawn
by the scrivener, and then both be handed to Davis, which

was done; that Snyder was not at home at the time, and Davis was to see him and get his signature to a guaranty of payment of the rent; that on November 11, 1881, Davis wrote to Pearce that it was impossible for him to get the guaranty, and that the land was at Pearce's disposal, if Pearce did not consider Davis responsible, and at the same time Snyder wrote Pearce that he would not guaranty the payment of the rent; that no further communication took place between Pearce and Davis, except that Pearce testifies that on receipt of Davis' letter he wrote to Davis that their trade was off, and he had authorized his agent, Mr. Bishop, to rent the land to a Mr. Jordan, and on November 30, 1881, Snyder mailed to Pearce a copy of the lease, with an indorsement upon it of his guaranty of payment of the rent, which was received by Pearce and returned by him to Snyder; that on December 2, 1881, the lease from Pearce to Jordan was made through Mr. Bishop, the agent of Pearce in this State.

At the trial the plaintiff asked the following instruction to the jury:

"That if the lease of October 6, 1881, was signed and left with the defendant for the purpose of procuring a written guaranty, and signed by Snyder, and then to be forwarded to Pearce, and that the same was not to become a binding contract between the parties until the same was so guarantied, then before Pearce was bound to regard the contract as completed he was entitled to a valid and binding lease guarantied by Snyder; and if not made in a reasonable time, or on notice by the defendant that he could not procure the guaranty of Snyder, and that he might regard the contract at an end unless he would let him have it without security, this would end the contract, unless Pearce afterwards agreed to let him have it without security."

This, with other instructions of like purport, was refused. In this we think there was error. The delivery of a written

contract is indispensable to its binding effect, and such de-
livery is not conclusively proved by showing the placing of
the paper by the alleged contracting party in the hands of
the other. Delivery is a question of intent, and it depends
whether the parties at the time meant it to be a delivery to
take effect presently. Upon the hypothesis of the refused
instruction, which there was evidence tending to prove, there
was no completion of the contract to lease until there had
been a guaranty by Snyder of payment of the rent, and the
leaving of the lease, signed by Pearce, in the hands of Davis
for him to get the indorsement of the guaranty of the rent
upon it, was not an execution or delivery of the lease as the
deed of Pearce, and the execution of it would not be per-
fected and the delivery of it made until the guaranty of pay-
ment of the rent had been obtained. Mr. Washburn, in his
treatise on Real Property, (4th ed.) vol. 3, pp. 292, 293, upon
this subject, says: "It is an essential prerequisite that the
instrument in question should be understood by the parties
to be completed and ready for delivery, in order to have a
mere placing it in the hands or possession of the grantee or
his agent construed into a delivery." The subsequent refusal
of Snyder to guaranty the payment of the rent, and Davis'
communication to Pearce of his inability to obtain the guar-
anty, terminated the negotiation, and the initiatory proceed-
ing in the making of a lease, and the subsequently obtained
guaranty, availed nothing without the assent of Pearce.

The trial of the cause in the circuit court proceeded upon
an incorrect theory. The following instruction was given for
the defendants:

"That if the jury believe, from the evidence, that the lease
of October 6, 1881, admitted in evidence, was executed by
Pearce and by Davis, and unconditionally delivered to Davis
either by Pearce, or by Shepherd under Pearce's direction,
then such lease was not made to Davis upon condition that

he would procure J. R. Snyder to guaranty the payment of the lease; that no such condition is found in the lease, and no verbal agreement to give such guaranty, if made prior to the execution of the lease, would be of any effect as against the terms of the lease."

This instruction, as applied to the facts in the case, was false and misleading. Shepherd was the scrivener who drew the lease. The testimony was that the contract for the lease was made between Pearce and Davis themselves before they came to the office of Shepherd to have the lease drawn. This being so, it might well be, as testified by Shepherd, that at the time the lease was delivered into the hands of Davis, in Shepherd's office, nothing was said about obtaining the guaranty. But that was understood between the parties, if it had been arranged for before, as part of the contract, and might properly be shown, not as contradicting the contents of the writing, but as showing that the lease was never delivered,—that it was not placed in Davis' hands as the act and deed of Pearce, but for the purpose of Davis getting upon it the indorsement of guaranty of the rent, when, only, it would be the lease of Pearce. The prior arrangement between Pearce and Davis for the lease would be part of the whole transaction, and it would be as if the terms of that arrangement had been repeated over at the time the lease was left in the hands of Davis. This instruction carried the wrongful idea to the jury that the condition for the guaranty of the rent, to be of avail, should have been embodied in the lease, and that a verbal agreement therefor, made prior to the drawing of the lease, could not be shown, as it would be contrary to the terms of the lease. The verbal agreement for the lease was not offered in contradiction of the terms of the lease, but to disprove delivery. The question of delivery is something aside from the writing in an instrument. It depends upon proof by parol, and the evidence of delivery

arising from possession of the deed by the grantee may be rebutted by the same kind of evidence by parol. Further on, at the conclusion of the paragraph from which the above quotation is made, the same learned author says: "While, therefore, it is not competent to control a deed by parol evidence when it has once taken effect by delivery, it is always competent, by such evidence, to show that the deed, though in the grantee's hands, has never been delivered."

For error in refusing and giving the instruction, as above, by the circuit court, the judgment of the Appellate Court is reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SCOTT: I dissent from this opinion.