ELLEN R. STEVENSON

*v.*

EDWIN A. CRAPNELL *et al.*

*Filed at Ottawa May 15, 1885.*

1. ESCROW—*effect of delivery to the grantee.* There can not be a delivery of a deed to the grantee *in escrow.* Such delivery makes the deed an absolute one to the grantee.

2. STATUTE OF FRAUDS—*reserving a verbal trust by a grantor.* An express trust between the grantor and grantee of land, that the grantee is to hold the land in trust for the grantor, or is to reconvey to him in a certain contingency, is invalid, under the Statute of Frauds, unless evidenced by some writing signed by the grantee.

3. RESULTING TRUST—*when it arises.* Where there is an express trust, there can not be a resulting or implied trust; and in case of a voluntary conveyance, no resulting trust can arise in favor of the grantor.

WRIT OF ERROR to the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. J. C. PEPPER, for the plaintiff in error.

Messrs. BASSETT & WHARTON, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill for partition of certain lands described in the bill, filed June 30, 1883, by Edwin A. Crapnell, against Ellen R. Stevenson and Emily J. Noble. The bill states that William B. Crapnell died December 15, 1881, seized of the lands, leaving complainant, his brother, and the defendants, his sister and niece, his sole heirs at law, and entitled each to one-third of the land. The defendants filed a joint answer, setting up the facts stated in the following bill. Ellen R. Stevenson had before, on March 7, 1883, filed her bill against Edwin A. Crapnell and Emily J. Noble, in which she stated

that previously to June 29, 1877, she, and her brother, William B. Crapnell, and Emily J. Noble, were unmarried people, and had never left their home they had had with their parents; that on said 29th of June she was about to be married and go to the State of Texas, and thought she might never return to live at the old home, and desiring, if she never returned, that her brother, William B., should have the old farm and home, she made to him a deed of one hundred and twenty acres of the land which is described in this bill for partition; that the understanding and agreement between her brother and herself was, that if she never returned he was to own and hold the land, but if she returned from Texas to live at the old home, he was to give up the land and deed to her, and it was to remain her property; that no consideration was ever paid for the land; that shortly after making the deed she was married and went to Texas, and resided there until in July, 1878, when she returned to Illinois and to the old homestead, where she resided with her brother, William B., until his death, in December, 1881. The bill prayed for a decree for $1500, the consideration named in the deed, and that it be made a lien on the land. That bill became a cross-bill to the present bill for partition, by consolidation. The answer of Edwin A. Crapnell denies the allegation that William B. Crapnell had not paid for the land, and sets up the Statutes of Frauds and of Limitations, and *laches.*

The placing of the deed of Ellen R. Stevenson to William B. Crapnell in the hands of the latter, upon the condition that the deed was to take effect only in case the grantor remained in Texas, and that if she returned, the deed was to be delivered back to her and be of no force, was a delivery of the deed *in escrow,* and it is the well settled rule of law that there can not be delivery of a deed to the grantee as an *escrow,*—that such delivery makes the deed an absolute one to the grantee. *Neely* v. *Lewis,* 5 Gilm. 31; 3 Washburn on Real Prop. 267, and cases cited in notes.

Whatever of condition or understanding there was as to William B. Crapnell holding the deed or land, was verbal, only, and so far as there might be supposed to arise therefrom any trust, it was an express trust, which would be invalid because of not being manifested by some writing, signed by the party declaring the trust. (Rev. Stat. 1874, chap. 59, sec. 9.) Where there is an express trust, there can not be a resulting or implied trust. (*Kingsbury* v. *Burnside,* 58 Ill. 310.) A voluntary conveyance can not be held to create a resulting trust for the grantor. *Jackson* v. *Cleveland,* 15 Mich. 94.

There was no purchase of the land by the grantee,—no agreement by him to pay anything for the land,—and there was no indebtedness for it on his part, and thus there can not be any vendor's lien.

The decree of the circuit court ordering partition and dismissing the cross-bill, must be affirmed.

*Decree affirmed.*