JOHN STANLEY

*v.*

STANLEY R. WHITE *et al.*

*Filed (on rehearing) at Ottawa March 28, 1896.*

1. DEEDS—*deposit of deed with grantee with reservation of title until others sign—effect.* A condition imposed by a grantor that his deed, though manually turned over to the grantee, shall not take effect unless signed by other parties, will prevent the deed from passing title.

2. SAME—*delivery vests title—effect of verbal conditions.* Delivery of a deed by one or more of several heirs, to the grantee, intending thereby to convey his or their interest in the land, will pass the title and divest them of such interest, notwithstanding the condition that if the other heirs refuse to sign it shall become void.

APPEAL from the Circuit Court of Iroquois county; the Hon. CHARLES R. STARR, Judge, presiding.

MORRIS & HOOPER, and ROBERT DOYLE, for appellant:

Parties lose control of the deed by leaving it with the grantee. *Roane* v. *Baker,* 120 Ill. 313, and cases cited; *Gunnell* v. *Cockerill,* 79 id. 82; *Bryan* v. *Wash,* 2 Gilm. 566.

Where the deed is delivered to the grantee no words are necessary, as the law will presume it was for the use of the grantee. *Weber* v. *Christen,* 121 Ill. 97.

Where the deed is produced by the grantee named therein, the presumption of law is that he received it from the grantor. This presumption must be destroyed by clear and positive proof that there never was a delivery. *Reed* v. *Douthit,* 62 Ill. 350; *Tunison* v. *Chamblin,* 88 id. 387; *McCann* v. *Atherton,* 106 id. 35; *Griffin* v. *Griffin,* 125 id. 436; *Dale* v. *Lincoln,* 62 id. 25; *Wiggins* v. *Lusk,* 12 id. 135.

A party is not allowed to show by oral evidence that the delivery was conditional, because this would be to permit him to change the terms of a written instrument by parol. *Baum* v. *Parkhurst,* 26 Ill. App. 130; *Ward* v. *Lewis,* 4 Pick. 518; *Worrall* v. *Munn,* 55 Am. Dec. 335, and authorities; *Price* v. *Hudson,* 125 Ill. 287.

If the acts of the grantor at the time of executing the deed amount to a delivery, his subsequent conduct can not affect or divest title. *Blight* v. *Schenck*, 51 Am. Dec. 478; *Bryan* v. *Wash*, 2 Gilm. 567.

KAY & KAY, for appellees:

John Stanley was a mere agent of the grantors to procure the signatures to the deed, and not in possesion of it as a grantee. It never came into his possession for any other purpose on the part of the grantors. If such was the object and purpose of the grantors, the case is within the rule announced more or less clearly in the following authorities: *Stampoffski* v. *Hooper*, 75 Ill. 241; *Stiles* v. *Probst*, 69 id. 382; *Houfes* v. *Shultz*, 2 Ill. App. 196; 1 Jones on Mortgages, sec. 539; *Bank* v. *Bornman*, 124 Ill. 200; *Gilbert* v. *Insurance Co.* 23 Wend. 43.

Mr. JUSTICE BAKER delivered the opinion of the court:

This was a bill for partition, filed by Stanley R. White, against John Stanley and others, in the circuit court of Iroquois county. The cause was heard upon the original and amended bills of Stanley R. White, the answers thereto, and the cross-bills of Jane S. Talliaferro, Mark A. Stanley and Dicie A. Warren, and the answers and replications thereto. The testimony was taken before the master in chancery, and upon the filing of his report the court found all the allegations in complainant's bills and in the cross-bills to be true, and that partition and division ought to be made as prayed in complainant's bills, and rendered a decree accordingly. From that decree defendant, John Stanley, prosecutes this appeal. He objects to that part of the decree awarding partition of the north-east quarter of the south-west quarter of section 33, township 27, north, range 12, west of the second principal meridian. His contention is, that Jane Talliaferro, Mark Stanley and Dicie Warren have no rights in said land, and are not entitled to the one-sixth interest each therein ordered by said decree to be

set off to them. He claims that their interests therein they had conveyed to him by a good and sufficient deed prior to the institution of this suit, and he asks that the decree, as to that part of it awarding to said Jane Talliaferro, Mark Stanley and Dicie Warren a one-sixth interest each in said land, be reversed.

The evidence shows that appellant and Jane Talliaferro, Dicie Warren, Mark Stanley and Joseph Stanley, children, and Stanley R. White, grandchild, of Micajah Stanley, who died intestate, are his sole surviving heirs. Among other lands of which he died seized was the land above described. After his father's decease, appellant desired to obtain a conveyance to himself of the interests of the other heirs in said land. To that end he had prepared for him the deed here in controversy, which bears the date of March 15, 1889, and was signed by Mark A. Stanley and Jennie E., his wife, Jane S. Talliaferro, widow, and Dicie A. Warren and George E., her husband, all of whom admit that they signed the deed with a full knowledge of its contents. Mark A. and Jennie E. Stanley and Jane S. Talliaferro duly acknowledged the deed on July 25, 1889, and it was acknowledged by Dicie A. and George E. Warren on November 1, 1892. The evidence shows that all of the grantors did not sign the deed at the same time, but that some signed at one time and others at other times, and that after the several signings the deed was each time returned either to appellant or to his mother, who was acting for him. The deed has remained under his control ever since the day it bears date. The grantors do not contend there was any fraud, duress or undue influence used to induce them to sign the deed. Their only claim is, that it was the understanding between them and appellant, at the time the deed was executed, that it was not to be operative unless signed by all the heirs of Micajah Stanley.

The question to be decided is, was there, or was there not, a delivery of this deed by the grantors to appellant?

The answer depends upon the answer to the further question, what was the intention of the parties at the time the transaction took place? If the parties intended that a present title should pass, then plainly there was a delivery.

If, after appellees had signed and acknowledged the deed, they had merely handed it to appellant for the purpose, solely, of having him get the signatures of the other heirs thereto, that would not have constituted a delivery, but would have been a mere manual transfer of possession, and would not have passed the title. If, however, the deed being ready for delivery, they had given it to him intending at the time to pass a present title, but with the mutual verbal understanding that the deed should subsequently become inoperative and void if the other heirs should refuse to sign it when requested so to do, then there would have been a delivery and the title would have passed, and the grantors could not thereafter set up the non-performance of the condition in order to defeat the deed, but would be concluded by its terms. (*Stevenson* v. *Crapnell*, 114 Ill. 19; *McCann* v. *Atherton*, 106 id. 31; *Weber* v. *Christen*, 121 id. 91.) The latter hypothesis presents the facts shown by the record in this case. The deed, absolute on its face, was properly signed and acknowledged. The grantors were acquainted with its contents, and they deposited it with the grantee, and under his control it has remained ever since. The weight of the evidence shows that when the grantors gave him the deed they thought they were divesting themselves of the title, and intended so to do. Their only concern seems to have been that all of the other heirs should do as they were doing, hence the condition was added that if the other heirs refused to sign the deed it should become void. That was the condition, and not that the deed was *not to take effect* unless signed by the other heirs.

While it is true that this conveyance was voluntary,— a mere gift,—and that it was appellant's intention to

get all the heirs to sign the instrument; that it was the understanding of all the parties concerned that all of the heirs would sign it, and that each, at the time of signing, expected that the others would do the same when the deed was presented to them, still the conclusion drawn, from a careful study of the evidence, is irresistible that each grantor, when signing the deed and giving it to appellant, intended thereby to convey to him all of his or her interest in this land.   There was, therefore, a delivery, and appellees are bound by the terms of their deed.   This case is on all fours with *Stevenson* v. *Crapnell*, *supra*, and is governed by it. ·

Appellees rely upon *Rountree* v. *Smith*, 152 Ill. 493, and *Jordan* v. *Davis*, 108 id. 336, as sustaining their contention that there was here no delivery.   The *Rountree case* differs from the case at bar in this :   that there the deeds were given by the grantor to the grantee with the mutual understanding that they were *not to take effect* until the return by the grantee of certain securities to the grantor, and that the deeds were to remain subject to the latter's control until the securities should be offered and accepted.   The securities, however, were not given.   We said there, as here, that the intention must govern, and held that there was no delivery because the deeds were not given to the grantee with the intention of then passing the title; that the grantor had never parted with the control over them, and she consequently had a right to demand them back at any time before the transaction was completed.

The facts in the case of *Jordan* v. *Davis* also differ greatly from those found in the record before us.   In that case, which was forcible detainer, the question arose whether or not a certain lease had been delivered.   It appeared that Pearce, the lessor, met Davis, the proposed lessee, on October 6, 1881, and agreed to lease to Davis certain premises for five years from March 1, 1882, the payment of the rent to be guaranteed by Snyder, the father-in-law

of Davis, by Snyder's guaranty in writing endorsed on the lease. Pearce and Davis then went to the office of a scrivener to have the lease drawn in duplicate. One was drawn and signed by Pearce and Davis. Pearce, who was about to leave on a train, could not wait for the duplicate to be drawn, and he left with the understanding that it was to be drawn by the scrivener, and then both were to be handed to Davis, which was done. Snyder was not at home at the time, and Davis was to see him and get his guaranty of payment of the rent. On November 11, 1881, Davis wrote to Pearce that it was impossible for him to get the guaranty. At the same time Snyder wrote Pearce that he would not guarantee the payment of the rent. Pearce then wrote Davis that their trade was off. November 30, 1881, Snyder mailed to Pearce a copy of the lease, with an endorsement upon it of his guaranty of payment of rent, which was received by Pearce and returned by him to Snyder. We held that there was no delivery of the lease by Pearce to Davis. The minds of the parties never met upon the question of delivery. The lease was left with Davis for the mere purpose of having him get the guaranty endorsed thereon. After he had been notified that Snyder would not guarantee the rent he withdrew his offer, and that was an end of the matter.

The distinction between those cases and the case at bar is this: that in neither of them was the deed given to the grantee with the intention that it should at the time pass the title, while here the intention was that the title should pass.

We are of the opinion that appellant is entitled to the estate in the land in controversy which the deed here in question purports to convey to him. It follows that the court erred in decreeing that Mark A. Stanley, Dicie A. Warren and Jane S. Talliaferro were each the owner of an undivided one-sixth interest in the forty acres of land above described, and in setting aside the note and mort-

gage of John Stanley to Dicie A. Warren, and in taxing the costs made upon the cross-bills against appellant. The decree is in these respects reversed. The cause is remanded, with directions to dismiss the cross-bills at the cost of the complainants therein; and to decree to appellant two-thirds of said tract of land, subject to the claim of Dicie A. Warren for purchase money and the dower right of Rebecca Stanley. In all other matters the decree is affirmed.

*Decree affirmed in part and reversed in part.*