## Charles P. Riley, Defendant in Error, v. International Banana Food Company, Plaintiff in Error.

### Gen. No. 18,777.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of merits may be stricken.* In an action for damages for breach of a written contract for the sale and purchase of bonds, defendant's affidavit of merits stating that the delivery of the instrument was conditional and that there was a certain additional contractual relation *held* properly stricken from the files on the ground that such matters could not be established by parol evidence.

2. EVIDENCE, § 336*—*when parol evidence as to delivery of written instrument admissible.* While parol evidence is competent for the purpose of showing whether or not a written instrument was legally delivered, such evidence is incompetent for the purpose of

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

showing that a written instrument legally delivered was not to become operative until the performance of some condition.

3. EVIDENCE, § 333*—*when parol evidence as to consideration of written agreement admissible.* Where the question involved relates solely to the amount or character of the consideration recited in the written instrument, parol evidence is competent to show the true consideration, but an acknowledgment of the payment of a stated consideration cannot be contradicted by parol evidence for the purpose of invalidating the instrument.

4. EVIDENCE, § 319*—*when parol evidence inadmissible to prove an additional contractual relation.* Where a written agreement involves the mutual promises of the parties thereto and the performance by them of certain contractual acts, proof of an oral agreement for another and additional contractual relation would be to vary the contractual terms of the written instrument by parol evidence.

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed April 1, 1914. Rehearing denied April 16, 1914.

EDWARD N. SHERBURNE, for plaintiff in error.

BUELL & ABBEY, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit instituted in the Municipal Court by Charles P. Riley against the International Banana Food Company upon a claim for damages for alleged breach of a contract. To the statement and affidavit of claim filed by the plaintiff the defendant filed its amended affidavit of merits, which, on motion of plaintiff, was stricken from the files, and thereupon the defendant was defaulted for want of a sufficient affidavit of merits, and damages to the amount of $950 were assessed against it and judgment entered thereon.

Plaintiff's claim, as filed, sets forth that it is for money due from defendant for breach of a contract in writing executed between the parties on the 8th day of June, A. D. 1911, a copy of which contract is attached and made a part thereof, by the terms of which

plaintiff sold to defendant two hundred and fifty first mortgage gold bonds of the Federal Fruit Company at the agreed price of $90 per bond, which contract defendant repudiated on September 5, 1911; that plaintiff was authorized to sell said bonds by the Federal Fruit Company at the price of $95 per bond and that if said contract had been performed he would have realized the sum of $5 per bond; that on account of the act of defendant in repudiating said contract plaintiff was damaged to the amount of $1,250; that plaintiff received from defendant on account of said contract the sum of $300 and that there is now due and owing to him from said defendant the sum of $950.

The agreement referred to in plaintiff's statement of claim is as follows:

"This Agreement, made and entered into this 8th day of June, A. D. 1911, by and between C. P. Riley of Chicago, Ill., party of the first part and the International Banana Food Company, a corporation organized under the laws of the territory of Arizona with offices at Chicago, Ill., party of the second part, Witnesseth, That

Whereas party of the first part controls the sale of two hundred fifty (250) First Mortgage Six (6%) per cent Gold Bonds of the Federal Fruit Company, a corporation organized under the laws of Illinois, said bonds being of the denomination of One Hundred ($100) Dollars each and

Whereas said first party is desirous of disposing of same, and

Whereas, the party of the second part is desirous of assisting in the sale of said bonds and is willing to purchase same, Now Therefore, This agreement Witnesseth That

For and in Consideration of the sum of One ($1) Dollar and other good and valuable consideration in hand paid each to the other, the receipt whereof is hereby expressly confessed and acknowledged, the parties hereto do each contract each with the other as follows, to-wit:

The party of the first part hereby sells and the party of the second part hereby purchases said two

hundred fifty (250) bonds at and for the agreed price of Ninety ($90) Dollars per bond net cash.

The party of the first part hereby agrees to deliver said bonds in such amounts and at such times as may be called for by the party of the second part at any time hereafter.

It is mutually agreed and understood between the parties hereto that the party of the second part shall pay for said bonds hereinbefore mentioned as follows:

$8,750.00 on or before May 1st, 1912.
5,000.00 on or before Sept. 1st, 1912.
5,000.00 on or before Jan. 1st, 1913.
2,300.00 on or before May 1st, 1913.

and the further sum of $1,250 payable as follows, to-wit:

$100.00 on or before June 15th, 1911.
100.00 on or before July 1st, 1911
100.00 on or before Aug. 1st, 1911.
100.00 on or before Sept. 1st, 1911.
100.00 on or before Oct. 1st, 1911.
100.00 on or before Nov. 1st, 1911.
100.00 on or before Dec. 1st, 1911.
100.00 on or before Jan. 1st, 1912.
100.00 on or before Feb. 1st, 1912.
100.00 on or before March 1st, 1912.
100.00 on or before Apr. 1st, 1912.
100.00 on or before May 1st, 1912.
50.00 on or before June 1st, 1912.

It is further mutually agreed and understood that the party of the second part shall have the right at its option to pay for said bonds if it so elects, from time to time before the above mentioned dates and upon any such payments being made, said party of the second part shall be entitled to receive interest upon said payments at the rate of 5% per annum for such period of time as any such payments shall be made prior to the due dates mentioned herein.

IN WITNESS WHEREOF the parties hereunto have set their hands and seals the day and year first hereinbefore written.   WITNESS:

(Signed) C. P. RILEY (Seal)

INTERNATIONAL BANANA FOOD CO.

(Signed) J. ELLSWORTH GRIFFIN, Pres't.

(Signed) WM. G. STEARNS, Sec'y.''

The amended affidavit of merits filed by defendant states its defense to the whole of plaintiff's demand as follows:

"First: That the original of the said contract was delivered to said plaintiff with the agreement that the same should not become operative until said plaintiff should procure the consent and ratification of a disinterested majority of the board of directors of said Federal Fruit Company; that the said plaintiff never procured said consent and ratification and that, therefore, the said contract never became operative.

Second:   That defendant is the owner of a large amount of the capital stock of the Federal Fruit Company, a corporation, duly organized and existing under the laws of the State of Illinois; that on January 18, 1909, the said Federal Fruit Company, at the request of the plaintiff, by resolution duly passed, authorized said plaintiff to sell its $50,000 issue of bonds to net the said Federal Fruit Company at least 85 per cent. of the par value thereof; that the said plaintiff failed to carry out the said resolution and failed to sell and dispose of the said bonds; that prior to May 27, 1911, the said plaintiff had disposed of bonds to the amount of, to-wit, $5,900; that various other amounts of said bonds had been sold and disposed of through other sources so that on May 27, 1911, the amount of said Federal Fruit Company bonds remaining unsold aggregated $30,000; that said plaintiff then and there represented that he had purchasers at that time for $5,000 worth of said bonds, leaving $25,000 worth of said bonds undisposed of; that on said May 27, 1911, said defendant entered into an oral agreement with the said plaintiff by the terms of which he agreed to devote his time for one year or so much thereof as might be necessary to the sale of the securities of the

defendant to the amount of $25,000 at par, and the defendant, as a consideration for said last mentioned agreement, agreed to purchase of plaintiff the $25,000 worth of Federal Fruit Company bonds last aforesaid; that pursuant to said agreement last above set forth on June 8, 1911, said defendant entered into the written contract attached to the statement of claim, by the terms of which defendant agreed to take over and purchase from the said plaintiff the said $25,000 worth of bonds; that the consideration and the only consideration which the defendant received for said contract was the agreement of said plaintiff to devote his time for one year or so much thereof as might be necessary to the sale of $25,000 worth of the securities of the defendant; that said plaintiff was then and there a director in defendant corporation and owed to it the utmost good faith; that the said plaintiff entirely failed, neglected and refused to carry out his said contract to devote his time to the sale of defendant's securities as aforesaid; that by reason of the plaintiff failing and neglecting to carry out his agreement with the said defendant said defendant did not become indebted to him in any sum whatsoever, and that said plaintiff is indebted to said defendant for the amount of money from time to time advanced to him, to-wit, the sum of $300, which it is entitled to recover from plaintiff.''

Defendant's affidavit of merits was stricken from the files mainly because the defenses interposed thereby sought to vary the terms of the written contract set forth in plaintiff's statement of claim by parol evidence; that as parol evidence was inadmissible to establish the facts set forth in said affidavit of merits, the same constituted no defense to plaintiff's cause of action.

It is conceded by defendant that the defenses sought to be interposed by it in its affidavit of merits rest wholly upon the competency of parol evidence, and it is also conceded that parol evidence is inadmissible to vary or contradict the terms of a valid written instrument, but as to the first ground of defense it is insisted that as the delivery of an instrument involves

the question of intent, parol evidence tending to show that it was not in fact delivered to take effect presently is competent, and the admission of such evidence for that purpose does not violate the well established and salutary rule.

No rule of law in its practical application has been the subject of more confusion, obscurity and apparent or real contradiction than the so-called parol evidence rule, and we shall not attempt the impossible task of harmonizing or distinguishing the authorities and cases bearing upon the subject.

The rule, as it prevails in this State in its application to the question involved in this case, is best formulated and stated in *Ryan v. Cooke,* 172 Ill. 302, as follows:

"Undoubtedly, the delivery of a written contract is necessary to give it binding effect, and delivery is a question of intent; and the character of the delivery, whether absolute or conditional, may be established by parol. (*Jordan v. Davis,* 108 Ill. 336). But, while it may be shown that a deed or contract is not to be delivered until a condition is performed, yet it cannot be shown by parol, that actual delivery was made under an agreement, that a condition should be performed, and that the deed or contract should not be operative unless it was performed. In the one case, the purpose of the proof is to show want of a legal delivery, but in the other case the effect of the proof is to contradict an instrument, absolute on its face, by showing, contrary to its terms, that it is not absolute, but only conditional. (Delvin on Deeds, secs. 295, 315; *Ward v. Lewis,* 4 Pick. 518).

When a deed or other instrument is handed by the grantor to the grantee, or by the obligor to the obligee, simply for the purpose of having the party, to whom it is thus handed, obtain the signatures of other parties thereto, or obtain the guaranty of some third person thereon, there is no delivery, but a mere manual transfer of possession. But where the deed or instrument, being ready for delivery, is handed to the grantee or obligee with the intention at the time of passing a present title, there is a delivery, and parol evidence

that it was not to become operative, until the performance of some condition, is not proper. (*Stanley v. White,* 160 Ill. 605).''

An analysis of the first ground of defense, as set forth in defendant's affidavit of merits, discloses that the agreement sought to be shown by parol evidence related merely to a condition or contingency upon which after delivery the contract in question was to become operative, and not to a condition or contingency upon which said contract should be delivered to become operative. This is the precise distinction sought to be made and stated in *Ryan v. Cooke, supra.* While parol evidence is competent for the purpose of showing whether or not a written instrument was legally delivered, such evidence is incompetent for the purpose of showing that a written instrument legally delivered was not to become operative until the performance of some condition.

*Jordan v. Davis,* 108 Ill. 336, relied upon by defendant, contains some expressions not readily reconcilable with the true rule as we understand it, but when the rule as there stated is interpreted in the light of the observation in *Stanley v. White,* 160 Ill. 605, that in *Jordan v. Davis,* 108 Ill. 336, ''the minds of the parties never met upon the question of delivery,'' somewhat of the confusion is dispelled.

Respecting the second defense sought to be interposed, it is insisted that it amounts to a plea of failure of consideration in that the only consideration received by defendant for the written contract was the oral agreement of plaintiff that he would devote his time for one year, or so much thereof as might be necessary to the sale of $25,000 worth of the securities of the defendant, which agreement plaintiff failed to perform; and further that as such oral agreement is a separate agreement collateral to the written contract, parol evidence of such oral agreement may properly be introduced.

Where the question involved relates solely to the amount or character of the consideration recited in

the written instrument, parol evidence is competent to show the true consideration, but an acknowledgment of the payment of a stated consideration cannot be contradicted by parol evidence for the purpose of invalidating the instrument. *Gillespie v. Fulton Oil & Gas. Co.,* 236 Ill. 188.

Again, the written agreement in question involves the mutual promises of the parties thereto and the performance by them of certain contractual acts, and in such case proof of an oral agreement for another and additional contractual relation would be to vary the contractual terms of the written instrument by parol evidence, and would come within the inhibition of the rule.

In IV Wigmore on Evidence, sec. 3433, the doctrine is stated thus: "In general, then, it may be said that a recital of consideration received is, like other admissions, disputable so far as concerns the thing actually received; but that, so far as the terms of a contractual act are involved, the writing must control, whether it uses the term 'consideration' or not."

In *Schneider v. Turner,* 130 Ill. 28, it is said:

"The right to vary or explain the consideration expressed in a written contract, or to prove that it was never paid, does not authorize the introduction of such testimony to affect the terms or validity of the contract. *O'Brien v. Palmer,* 49 Ill. 72; *Morris v. Tillson,* 81 id. 607."

The entire agreement between the parties relative to the sale and purchase of the bonds, the delivery thereof and the payments therefor appears to have been reduced to writing, and it must be conclusively presumed to embody all the terms and conditions contemplated to be performed by the parties thereto.

Defendant's affidavit of merits was properly stricken from the files and the judgment is affirmed.

*Judgment affirmed.*