(No. 14936.—Decree affirmed.)

ROYAL J. SCHMIDT *et al.* Appellees, *vs.* LYNN C. FORTIN, Appellant.

*Opinion filed December 19, 1922.*

LEASES—*when purported assignment does not convey title to a leasehold.* Where a ninety-nine year lease provides that an assignment by the lessee cannot be made without notice to the lessor, and that the instrument of assignment shall contain a clause, to be approved by the lessor, binding the assignee to all the covenants of the lease, the delivery of a written assignment to the assignee for his signature and acknowledgment without such notice and approval does not vest him with the title to the leasehold.

APPEAL from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

KRAFT, KRAFT & ERSKINE, for appellant.

WILLIAM N. BRADY, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellees, Royal J. Schmidt and James E. Howe, filed in the circuit court of Cook county their bill of complaint alleging that Schmidt was the owner of the unexpired

term of a leasehold estate for a term of ninety-nine years created on October 10, 1889, by Owen F. Aldis to Edward O. Russell of premises in Chicago, and charging that the appellant, Lynn C. Fortin, had filed for record an affidavit made by himself setting forth an agreement for the sale of the leasehold by the complainants to him, when, in fact, no such agreement was made.  The bill alleged that the affidavit was not entitled, in law, to be recorded; that the recording thereof was a fraud on the rights of the complainants and a cloud upon the title, which depreciated the value of the leasehold and prevented a sale of the same and procuring a title guaranty policy from the Chicago Title and Trust Company, and prayed that the affidavit be declared null and void, a fraud upon the complainants and a cloud on the title and that it should be removed and delivered up to be canceled.  Fortin answered the bill, generally denying the charges and affirming that the agreement stated in the affidavit was made, and he filed a cross-bill.  He afterward filed an amended cross-bill, to which a demurrer was sustained, and then filed a second amended cross-bill, to which a demurrer was likewise sustained.  Fortin elected to stand on his second amended cross-bill and it was dismissed.  The complainants then filed an amendment to their bill of complaint, and Fortin answered, setting out substantially the averments of his second amended cross-bill.  Exceptions were filed to the answer, which were sustained, and the cross-bill and answer having been held insufficient and Fortin declining to plead further, the bill was taken as confessed and a decree entered.  From that decree this appeal was allowed and perfected.

The question to be considered is the sufficiency of the second amended cross-bill and the answer to the amended bill of complaint, which contained the same averments.

The facts alleged in the cross-bill and the answer to the amended bill of complaint are as follows:  On August 10, 1918, the complainants, Royal J. Schmidt and James E.

Howe, were the owners of a leasehold estate of property in Chicago for a term of ninety-nine years from October 10, 1889, created by an indenture of lease made by Owen F. Aldis to Edward O. Russell. Aldis afterward created a trust, and Arthur Lyman and Herbert Lyman are the trustees and owners of the fee and reversion. On said date of August 10, 1918, Schmidt and Howe entered into a written agreement with Fortin for the sale of the leasehold estate, which agreement was signed and acknowledged by all of the parties. By that agreement Schmidt and Howe covenanted and agreed to sell, assign and convey to Fortin their right, title and interest in the leasehold, subject only to notice being given to the trustees then holding title to the reversion and their approval of the sale, as required by the terms of the lease. By the contract Fortin agreed to execute a warranty deed, dated back to June 10, 1918, to Schmidt and Howe of certain real estate in Chicago, subject to a first mortgage for $2500, and a second mortgage for $1000 which Fortin agreed was to be discharged by him and released within six months. Fortin also agreed to pay Schmidt and Howe $3000, subject to an adjustment between the parties as to rents, insurance, premiums and taxes. Fortin made the deed and delivered it to H. F. Merrill in escrow until the consummation of the transaction. The adjustment mentioned was made, and Fortin agreed to pay Schmidt and Howe $2884.45 when the transaction should be completed by the consent of the trustees and the delivery of a guaranty policy of the Chicago Title and Trust Company showing good title in Fortin to the leasehold estate. The lease provided that the leasehold interest might be sold and assigned by the lessee, subject to the condition that no contract, transfer, assignment, mortgage, judgment, mechanic's lien or other liens should in any manner or degree affect the title of the lessor, but the lessee might, after the full completion of a building on the premises free and clear from all mechanics' liens or possibility thereof, sell

and assign the leasehold interest with any tenements and appurtenances, provided that all ground rents, taxes, assessments, insurance premiums and charges of every kind should be paid by the lessee up to the date of the assignment and all covenants and agreements in the lease contained up to such date be fully complied with, and also provided that the lessee, prior to any sale or assignment and as a condition precedent thereto, should give ten days' notice in writing to the lessor of the name of the purchaser and his residence, and provided the assignment should be evidenced by an instrument in writing executed under seal, acknowledged by the assignee and recorded in the recorder's office, which instrument should contain a clause satisfactory to the lessor and sufficient in law, to the effect that the assignee or assignees, purchaser or purchasers, and his or their heirs, executors, administrators or assigns, personally accept and assume all the terms, covenants and agreements in the lease contained and would keep and perform all the covenants and agreements of the lease. It was provided that any assignment of the lease without complying with such conditions should be absolutely null and void. The instrument of assignment having been signed and acknowledged by Schmidt, Howe and Fortin was delivered to Schmidt, to be sent by him to the trustees for the ten-day notice and for the acceptance and execution by them in the manner provided in the lease, but Schmidt failed, neglected and refused to send the instrument to the trustees. In reliance on a completion of the assignment Fortin entered into an agreement for the conveyance of the leasehold estate to another to secure a loan of $3000 to enable him to pay the amount of cash to be paid to Schmidt and Howe. Fortin represented that he had always been ready and willing to comply with his agreement but Schmidt and Howe refused on their part, and no assignment could be made except upon giving the ten-day notice to the trustees and until the lessor should approve the provision.

The prayer of the cross-bill was for specific performance by Schmidt and Howe of the alleged agreement and that they should be required to make a good and sufficient deed of conveyance of the leasehold estate upon the offer of Fortin to perform on his part, or that Schmidt should be specifically required to send to the trustees the instrument assigning the leasehold estate as notice to them and for their approval in accordance with the lease. The statement of the case in this court by counsel for Fortin contains the following: "The prayer for relief in said cross-bill was that said Schmidt should be specifically required and decreed to send such assignments of the leasehold to the owners of the fee as notice and for their approval and to do any and all other things necessary for the completion of the transaction, or, in the alternative, that Schmidt and Howe should be decreed specifically to perform their agreement and to make a good and sufficient deed of conveyance to Fortin of such leasehold, Fortin being ready, willing and offering to specifically perform the agreement on his part." The brief and argument, however, are devoted to the proposition that the instrument of assignment having been signed and acknowledged by Schmidt, Howe and Fortin, was then delivered to Fortin and invested him with the title to the leasehold estate. Particularly in the reply brief counsel insist that Fortin is not attempting to seek the enforcement of a contract or avoid the Statute of Frauds, but the sole and only basis upon which he believes he is entitled to relief is that by the instrument in question and its delivery to him title was conveyed to him and he is entitled to have that title confirmed in himself. The argument is that the facts bring the case within the rule that the completed delivery of a deed by the grantor to the grantee therein places title in the grantee, and when the instrument was given to Fortin and signed and acknowledged by him the rule was complied with.

The completed delivery of a deed conveys title and vests the grantee with such title, and counsel cite the following cases as applicable to the situation here: *Stevenson* v. *Crapnell,* 114 Ill. 19; *Baker* v. *Baker,* 159 id. 394; *Ryan* v. *Cooke,* 172 id. 302; *Clark* v. *Harper,* 215 id. 24; *Potter* v. *Barringer,* 236 id. 224; *Mitchell* v. *Clem,* 295 id. 150. It is also true that returning a deed to the grantor for the performance of some act does not operate as a re-transfer of the title, as in the case of returning a deed to the grantor to have it recorded, (*Otis* v. *Spencer,* 102 Ill. 622,) but in this case it is clear that there was no delivery of any instrument that conveyed or purported to convey title. Fortin had physical possession for the purpose of signing and acknowledging the instrument, but the acceptance by the trustees was a condition precedent to his acquiring title. The cross-bill prayed for specific performance, which was a practical admission that Fortin did not then have the title which he was asking the court to give him. All the facts alleged show that the proposed transfer was never completed. The cross-bill alleged that Fortin had placed his deed with H. F. Merrill in escrow until the transaction should be completed, and that he was to pay a sum of money in cash on the completion of the transaction by the consent of the trustees and the issue and delivery of a guaranty policy by the Chicago Title and Trust Company showing good title in him. He alleged that he had always been ready and willing to perform on his part, and these averments distinctly negative any claim that there was a delivery which vested the title. The fact that the instrument was to be sent to the trustees and it was to take effect upon their approval would prevent the deed from passing title. (*Stanley* v. *White,* 160 Ill. 605.) Ignoring the prayer of the cross-bill and considering the facts alleged, they showed no ground for any kind of relief.

The decree is affirmed.

*Decree affirmed.*