## Charles Dennehy & Co. v. Henry Smith et al.

1. FRAUDULENT CONVEYANCES—*Deeds to Relatives.*—Where a conveyance of real estate is made by a father to his daughter at a time when he is insolvent and wholly unable to pay his debts the conveyance is fraudulent as to all equities above *bona fide* incumbrances and the amounts owing from him to his daughter. Creditors should be allowed to redeem the property by paying the amount due, with interest and taxes paid.

Creditor's Bill.—Trial in the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Decree dismissing the bill for want of equity: appeal by complainant. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed July 20, 1899.

ROSENTHAL, KURZ & HIRSCHL, solicitors for appellant.

No appearance for appellees.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellant filed a creditor's bill against Henry Smith and Mrs. Kitty Casey on two judgments against Smith, one dated March 6, 1897, for $3,150, the other March 10, 1897, for $1,995, on which executions were returned *nulla bona* except for the sum of $287.75, which was realized on the judgment of $3,150.

The debts on which the judgments were obtained were contracted in 1891, and at that time Smith was the owner of certain real estate described in the bill, which cost him, October 31, 1890, $8,075.

February 5, 1897, Smith conveyed said property, which was then subject to mortgages amounting to $4,000, to Mrs. Kitty Casey, a daughter of said Smith, the consideration named in the deed being $17,000. The only money consideration in fact was a pre-existing indebtedness of Smith to Mrs. Casey of $2,200, including interest.

The appellant by its bill claims that the conveyance to Mrs. Casey was in fraud of its rights as a creditor, because the property in question was worth $10,000, less the mortgages upon it; that Smith had no other property at the time, except a saloon outfit, which was of very small value; that Smith was totally insolvent at the time of making the deed to his daughter, and offers to pay over to Mrs. Casey the amount due her from Smith in case the court would enter a decree subjecting said property to its claims. The bill also asks for general relief.

Smith and Mrs. Casey answered the bill, to which replication was filed, and the cause heard upon proof in open court by the chancellor, who entered a decree dismissing the bill for want of equity. From this decree the appeal was taken.

In addition to the matters above stated, it appears from the evidence and a stipulation of facts made by the parties, that on March 3, 1897, Smith conveyed to appellant a saloon at No. 183 South Clark street, which was purchased in December, 1890, by Smith, for the sum of $6,700; that Smith paid interest on the mortgages on the real estate in question in lieu of paying to Mrs. Casey his board and lodging; that Mrs. Casey paid the taxes upon the property in question for the years 1896 and 1897, amounting to $134.14; and the clear preponderance of the evidence is that on February 5, 1897, the real estate in question was worth more than the mortgages on it and the amount due from Smith to Mrs. Casey, that is, from $7,000 to $10,000.

It further appears from the evidence, that Smith was induced to make the conveyance to his daughter because she was his "only heir," as he expresses it, and that he feared that in case of his death his relatives, brothers and

sisters, might claim an interest in the property; also that Mrs. Casey, at the time the property was conveyed to her, knew little or nothing with regard to the incumbrances upon it, had never seen the property, and did not know anything of its value.

The evidence is not at all satisfactory as to the value of the saloon or saloon outfit which was conveyed by Smith to appellant on March 3, 1897, nor is there any evidence as to what was the consideration for the conveyance. For all that appears Smith may have received cash for this conveyance. It appears that more than six years before, he paid $6,700 for the saloon, and also appears that on execution sale March 16, 1897, it brought only $287.85, which amount was applied on the first of complainant's judgments.

It appearing that the conveyance of the real estate in question made by Smith to his daughter at a time when he was insolvent and wholly unable to pay his debts, the transaction was fraudulent, at least as to any equity above the incumbrances and the amount due from Smith to Mrs. Casey, and it would be but equitable that appellant be allowed to redeem the property by paying to Mrs. Casey the amount due her from Smith, which appears to have been $2.200 and interest on $1,800 at six per cent from November 29, 1898, as well as the taxes paid by her, and upon making this payment to have the property, subject to the incumbrances of $4,000, subjected to the payment of appellant's judgments above the sum of $287.75 realized on the execution sale, unless it should appear on a further hearing that Smith is entitled to a further credit in that regard. Snyder v. Partridge, 138 Ill. 173–86; Martin v. Duncan, 156 Ill. 274–80; Dillman v. Nadelhoffer, 162 Ill. 625–31.

The decree, in our opinion, being inequitable, and the evidence as to the value of the saloon outfit being so uncertain and unsatisfactory, the decree is reversed and the cause remanded for further proceedings consistent with this opinion. Reversed and remanded.