## J. H. Rapp v. Edward Rush.

1. SALES—*Bill of Sale, When Not Valid as Against Creditors in the Absence of Change of Possession.*—Under the provisions of Chap. 95, Sec. 1, R. S., an unrecorded bill of sale is not valid as against creditors or third persons unless possession of the property is delivered and remains with the grantee.

2. INSTRUCTIONS—*As to Good Faith of Transfer Between Relatives.*— An instruction, that "clearer and more convincing proof of the good faith of a transfer of property is necessary when made to a relative than when made to a stranger," is proper, and should be given, when a transfer between relatives is attacked by creditors.

3. SAME—*When the Evidence is Close on a Question of Delivery of Chattels.*—When the evidence is close on the question of the sale and delivery of a stock of goods, an instruction that to constitute a valid

transfer it should be accompanied by real, actual, open and visible change of possession of the property in question is proper, and should be given.

**Replevin.**—Appeal from the Circuit Court of Winnebago County; the Hon. John C. Garver, Judge, presiding. Heard in this court at the April term, 1901. Reversed and remanded. Opinion filed July 12, 1901.

Fisher & North, attorneys for appellant.

R. G. McEvoy and Charles W. Ferguson, attorneys for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This was an action of replevin by appellee against appellant. The latter, as constable, had on May 24, 1899, levied on a certain stock of liquors and cigars as the property of John E. Rush, to satisfy an execution issued upon a judgment for $136.75 and costs on April 22, 1899, in favor of Philip Freiler against said John E. Rush. On the day the stock was levied on, appellee commenced this suit, and on the following day the goods in question were taken possession of by the sheriff and delivered to appellee. Appellee claimed that he loaned his son, John E. Rush, $250, November 7, 1898, secured by chattel mortgage on said stock and fixtures, and that on March 8, 1899, he became surety on a note of $100 for John E. at the Rockford National Bank, which he afterward paid; that on April 20, 1899, John E., to pay his indebtedness to appellee, gave him a bill of sale of said stock and the fixtures, which, however, was not recorded. Appellee further claims that on the same day his son John put him in possession of the stock. It appeared, however, that Frank M. Rush, another son of appellee, who had clerked for John E. Rush, remained in the saloon and continued to wait on the customers up to the time the levy was made by appellant; that the sign of " Rush Bros." was continued in the windows, and that an internal revenue license issued by the United States government to John E. Rush remained posted on the wall. Upon the trial the jury found appellant guilty; that appellee was the owner of, and

entitled to, the possession of the property in question and assessed his damages at the sum of one cent. A motion for a new trial was overruled and judgment awarded against appellant upon the verdict.

As the bill of sale claimed to have been made by John E. Rush to appellee was not recorded, it would not be valid as against the rights and interests of third persons unless possession of the property named therein was delivered to and remained with appellee. Rev. Stat. (Hurd), Chap. 95, Sec. 1.

The question of the sale and delivery of the stock to appellee was the most important issue in the case. That the question was a very close one is shown by the evidence, and it was therefore important that the jury be properly instructed as to the law governing the case.

The third instruction offered by the appellant told the jury that " clearer and more convincing proof of good faith is required where the parties to a bill of sale are near relations than where they are strangers." This instruction the court refused to give. This was a transaction between father and son and the circumstances surrounding the alleged sale and transfer were such as might ordinarily excite some suspicion; consequently clearer and more convincing proof should be required of the good faith of the transaction than in cases where the parties are strangers. The instruction was proper under the circumstances and should have been given. Martin v. Duncan, 156 Ill. 274; Second National Bank v. Gilbert, 174 Ill. 485.

In two of the instructions offered by appellant the jury were told that in order to constitute a valid transfer of the property in question, it was necessary that the transfer should be accompanied by real, actual, open and visible change of possession of the property in question, but the court struck out the words " real, open and visible," leaving only the word "actual" remaining. As Frank M. Rush continued to act as salesman for appellee the transfer of the property should have been made in such a manner as to have shown an open and visible change of possession. Martin v. Duncan, *supra;* Second National Bank v. Gilbert, *supra.*

It is true the words omitted were used in another instruction given by the court on behalf of defendant, but as the word " actual " alone was repeated in the connection named in numerous instructions given by the court, the jury may have been led to believe that it was not necessary that the exchange of possession should have been open and visible to make it valid.    Appellant had a right to have the jury fully instructed upon this question and the court erred in striking out the words referred to.    For the errors above indicated the judgment of the court below is reversed and the cause remanded for another trial.

Reversed and remanded.