## James N. Morris, Sheriff, v. Edwin S. Coombs.

1. INSTRUCTIONS—*Should be Accurate Where the Evidence is Conflicting.*—Where the evidence is conflicting, it is of the highest importance that the jury should be fully, properly and accurately instructed.

2. SAME—*As to Preferring Creditors.*—An instruction that a person who is indebted and unable to pay all his debts in full, may prefer any one or more of his *bona fide* creditors to the exclusion of all others, and in the payment of a *bona fide* indebtedness to one of his creditors, a debtor may exhaust the whole of his property, so as to leave nothing for his other creditors, is erroneous.

3. SALE—*Pos session Remaining in Vendor, is Fraudulent Per Se.* —Upon a sale of personal property in the possession of the vendor, a change of possession is essential to protect the title of the vendee against attaching or execution creditors of the vendor. If possession remains with the vendor, it is fraudulent *per se* against creditors.

4. SAME—*Change of Character of Possession Should be Indicated.*— The change in the character of possession should be indicated by such outward, open, actual and visible signs as can be seen and known to the public, or persons dealing with the property.

Replevin.—Appeal from the Circuit Court of Hancock County; the Hon. JOHN J. GLENN, Judge presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed August 28, 1903.

WILLIAM J. ROBERTS and APOLLOS W. O'HARRA, attorneys for appellant.

FRANK HALBOWER, attorney for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action of replevin, brought to the March term, 1903, of the Circuit Court of Hancock County, by appellee against appellant, sheriff of said county, to recover possession of a stock of general merchandise on which appellant had levied three writs of attachment issued in suits brought by sundry creditors against one James B. Lathrow, a merchant at Ft. Green, in said county. A trial resulted in a judgment for the plaintiff, from which the defendant appeals. The attachment suits were begun January 12, 1903, and the levy was made by appellant the next day.

Appellee claimed to have purchased the stock from Lathrow on January 5th. The question involved in the case and which is properly in issue under the pleadings, is whether or not the alleged purchase by appellee was a *bona fide* transaction, and whether he acquired title to and possession of the stock prior to the said levy. The evidence tends to prove the following facts: On Saturday, January 3, 1903, James B. Lathrow was and had been for some time, engaged in conducting a general store at Ft. Green. He was heavily indebted and insolvent and was being hard pressed by his creditors. On that day he applied to appellee, who was a close friend, to negotiate a loan for him, which appellee did, procuring from one Prentice $275, to secure which Lathrow gave a mortgage upon his store building and residence, already heavily incumbered. The Monday morning following, appellee claims to have purchased from Lathrow the stock of merchandise together with all book accounts, for the sum of $900. Appellee immediately after the alleged sale to him received the key to the store room and went to see one Ebert, who had been employed by Lathrow as clerk, informed him that he had purchased the stock of goods in the store, and engaged him to act as clerk for him from that time on. He then went with Lathrow to his home, about a block distant from the store, and there gave him five or six checks for about $100 each, several of them being payable to parties holding notes upon which the wife or relatives of Lathrow were sureties, and the others payable to Lathrow himself. After the alleged purchase, the goods were kept in Lathrow's building and the business continued as before, the sign not being changed. The only difference in the conduct of the business from that time until the levy, was the absence of Lathrow and the more constant presence of the clerk, Ebert. Lathrow had never at any time taken an invoice of his stock, and none was taken at the time of the alleged sale to appellee. The store building was twenty by sixty feet in size, and the stock clean, well kept and in good shape. On the trial, Lathrow claimed that the goods were worth eight or nine hundred dollars. The witnesses

on the part of the defendant placed the value of the stock of goods at from $2,000 to $2,500. The books of account contained between 160 and 170 names. The books were not examined by Coombs, and Lathrow made no computation of the accounts, and did not know the amount. He gave it as his opinion that the good accounts would amount to $200 or $300.

Appellee relies upon several alleged errors as grounds for reversal, but we do not deem it necessary to consider others than those relating to the instructions. In view of the foregoing facts, it was of the highest importance that the jury should have been fully, properly and accurately instructed, particularly upon the question of possession.

" Upon a sale of personal property in the possession of the vendor, a change of possession is essential to protect the title of the vendee against attaching or execution creditors of the vendor. If the possession remains with the vendor, it is fraudulent *per se* against creditors." Lowe v. Matson, 35 Ill. App. 605, and cases cited.

Appellant asked the court to give to the jury the following instruction :

" You are instructed that as against the attaching creditors of J. B. Lathrow, the plaintiff, Coombs, could not acquire a good title to the goods in question, simply by buying them of Lathrow, and paying him therefor the purchase price agreed upon, but there must also be a change of possession of the goods, and without a change of possession, the sale would on that account be void as against attaching creditors of Lathrop."

But the court refused to give same and such refusal is assigned as error. We think the instruction correctly stated the law, although not as favorably to appellant as it might have, and that it should have been given. (Rapp v. Rush, 96 Ill. App. 356.)

" The change in the character of possession should be indicated by such outward, open, actual and visible signs as can be seen and known to the public, or persons dealing with the property." Second National Bank v. Gilbert, 174 Ill. 491.

Appellee asked and the court gave an instruction, which

told the jury that "a person who is indebted and unable to pay all his debts in full, may prefer any one or more of his *bona fide* creditors to the exclusion of all others; and in the payment of a *bona fide* indebtedness to one of his creditors, a debtor may exhaust the whole of his property, so as to leave nothing for his other creditors."

We think that this instruction was clearly erroneous and should not have been given.

It is not true that a debtor in the payment of a *bona fide* indebtedness to one of his creditors may exhaust the whole of his property so as to leave nothing for his other creditors, unless the whole of his property is required and is necessary for that purpose, when the amount of the debt and the value of the property are taken into consideration. In other words, the indebtedness must not only be *bona fide*, but the payment must have been a *bona fide* transaction. By this instruction the jury would understand that a debtor has the right to exhaust the whole of his property, regardless of its value, and leave nothing for his other creditors, if by so doing he pays a *bona fide* indebtedness, however small that indebtedness may be. The jury are also given to understand by this instruction, that a debtor is under no obligations to leave anything to his other creditors, but may to their injury use his entire property in the payment of the amount due one creditor, provided that amount is a *bona fide* indebtedness.

For the errors indicated in the giving and refusal of instructions, the judgment of the Circuit Court will be reversed and the cause remanded.