## Chicago & Alton Railway Company v. Alvyn Henline, et al., Copartners.

1. INSTRUCTIONS—*must not be contradictory.* It is error to give instructions which contradict each other as to material propositions of law involved in the cause.

Action on the case. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded. Opinion filed April 20, 1905.

KERRICK & BRACKEN, for appellant; F. S. WINSTON, of counsel.

WELTY, STERLING & WHITMORE, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action on the case by appellees against appellant. The first count of the declaration avers that on the night of August 7, 1903, plaintiffs were moving a traction engine, propelled by its own power, along a public highway about two miles north of Towanda, in McLean county; that in crossing defendant's tracks and when said traction engine was between the two railroad tracks, the rear axle of the engine broke in passing over the east rail of defendant's west track and was thereby disabled so it could not be further propelled by its own power, and thereby blocked both tracks of defendant; that plaintiffs immediately notified defendant of such breakdown and blocking of the railroad tracks, whereupon defendant, pursuant to such notification, dispatched two of its locomotive engines to the scene; that defendant's servants in the early morning of August 8th, against the protest of plaintiffs and without their consent, negligently and carelessly coupled said locomotives to the traction engine by means of chains, and forcibly jerked and dragged it from one side to the other of the crossing, for the purpose of clearing the tracks, and by reason whereof the traction engine was broken and completely wrecked.

The second count is substantially the same as the first count, except that it avers that defendant's servants, while engaged in removing the engine from the railroad tracks of the defendant, did forcibly draw, jerk, pull, and drag the same from one side of the railroad crossing to the other, in a reckless and careless manner, etc.

At the close of appellees' testimony, and again at the close of all the evidence, the trial court was asked by appellant to instruct the jury to find the appellant not guilty. These instructions were refused and a verdict returned in favor of appellees for $1,050, upon which the court rendered judgment, whereupon the defendant appealed to this court.

The facts so far as material to the questions involved are as follows: Appellees, who were farmers, were the owners and operators of a steam threshing outfit, consisting of a traction engine, water tank and separator. The outfit was moved from one farm to another during the threshing season by power furnished by the traction engine. On August 7, 1903, at about 10:45 o'clock in the evening, appellees, while going east along the public highway north of Towanda, attempted to take the traction engine and separator in question, across the tracks of appellant, at a point where said tracks crossed the wagon road at an acute angle. In the effort to get the wheel of the rear driving wheel of the engine over the west track, the rear axle broke, letting one corner of the engine down so that it blocked both tracks. Notice of the accident was given to the agent of appellant at Towanda and appellees proceeded to dismantle the engine preparatory to removing it from the track. At about midnight two locomotives with accompanying crews arrived on the scene with orders to clear the track. Against the protest of appellees, appellant's servants proceeded to hitch the locomotives to the traction engine by means of chains and to drag appellees' traction engine back and forth up and down the track, the width of the crossing, and then by the means of ties bunted and rolled it off into the ditch at the side of the track, thereby causing the alleged injury.

The evidence tends to show that the engine weighed 6½ tons, the separator 7 tons, and the tank 1½ tons, and that when hitched together the outfit was about 100 feet in length; that to cross the tracks it was necessary to mount an incline on the west line of the right of way, of about 11 feet in a distance of 50 feet; that appellees first attempted to cross with the entire outfit but that the engine lacked sufficient power to pull it up the grade; that the separator was then detached, the tank pulled across the tracks and left, the engine then backed to and coupled with the separator, and another attempt made to haul it across; that the planking between the rails of the west track was so worn that the tops of the rails extended from one to two inches higher than the surface of the planks and that the lugs on one of the front wheels of the engine failed to take hold of the rail and on coming in contact with it in revolving, slipped and grated against the rail but failed to pass over it; that after making several attempts appellees finally placed a rock under the wheel to lift it over the rail and again started the engine, but that the rock flew out and through the friction of the wheel upon the rail the strain upon the axle became so great as to cause it to break.

Appellant insists that appellees were negligent in trying to pull the separator up the steep grade aforesaid and across the tracks; in failing to use a board or plank instead of a stone under the wheel; in continuing to run their stalled engine after the stone flew out, with the wheel whirling around on top of the rail, and in their failure to make proper efforts to remove the engine from appellant's tracks before the arrival of the locomotives. That inasmuch as it was not its fault that the engine broke down and obstructed the tracks, and it being its duty to remove the obstruction at the earliest practicable moment, in order that the safety of its passengers and employees might be protected, and traffic and the mail be not delayed, it had the right to remove the obstruction with such means as it had at hand, provided in doing so it used due care not to injure the engine further; that it was not bound to furnish

appellees with a derrick, jacks and other tools with which to remove it; and that there being no evidence to prove that appellant's servants did not remove the engine as carefully as was possible with the means employed, appellees cannot recover. That inasmuch as the evidence shows that appellees failed to use reasonable efforts to remove the obstruction within a reasonable time, after the expiration of such time they should be treated as trespassers to whom appellant owed no duty except not wilfully or wantonly to injure their property.

We are of opinion that if the facts were as assumed by counsel for appellant, the law would be as by them contended. In other words, if the obstruction of appellant's tracks at the crossing of a public highway was due to the negligence of appellees, or if they permitted the same to remain there an unreasonable length of time, appellant would be liable only for such injuries as were the result of its wilful or wanton acts. That if the obstruction was caused by an accident which could not have been avoided by due care on the part of appellees, they were entitled to a reasonable time within which to remove the same, and if appellant, before the expiration of such reasonable time assumed such duty, it was bound to exercise ordinary care in its performance and is liable for any failure in that behalf.

The questions as to due care on the part of the respective parties, whether the engine was handled by appellant in a reckless and careless manner, and what was a reasonable time for the removal of the obstruction by appellees, were sharply controverted upon the trial. The evidence bearing upon the same is close and conflicting. It was therefore the exclusive province of the jury to determine them.

If the jury had been accurately and perspicuously instructed as to the law applicable to the facts, and no error had occurred in the rulings of the trial court upon the evidence, we would not, under the circumstances, be warranted in disturbing its findings thereon.

By appellees' first given instruction, the trial court told

the jury that it was incumbent upon appellant to exercise reasonable and ordinary care to avoid injuring or damaging appellees' engine; that if the jury believed from the evidence that appellees' traction engine broke down upon appellant's tracks while crossing the same, and that appellant so carelessly and negligently removed the same as to break and injure the same unnecessarily, then appellant would be liable for all damages occasioned by such carelessness and negligence.

There was some evidence tending to prove that the accident was caused by the negligence of appellees, and that they failed to exercise reasonable diligence to remove the broken engine. These questions are both ignored by this instruction, and it was therefore error to give the same. The modification by the trial court of appellant's third and fourth instructions, by inserting therein the words, "and was negligent and reckless," was also error. Such modification rendered the instructions contradictory to others given, which correctly stated the law. While, as modified, they stated the law too favorably to appellant, the effect thereof could only have been to confuse and mislead the jury.

It is further insisted that the court erred in giving appellees' second and third instructions. It is not claimed that the true measure of damages was not correctly stated therein, but it is insisted that the evidence upon the question of damages was insufficient to warrant them. While the evidence as to the amount of actual damages was exceedingly meager, inasmuch as the cause must be remanded for another trial, it will not be necessary for us to pass upon the sufficiency of the same, nor to determine whether or not the verdict is excessive.

It is urged that the court in several instances erred in its rulings upon the admissibility of evidence. The objections not being argued are deemed to be waived.

For the reasons indicated the judgment will be reversed and the cause remanded.

                              *Reversed and remanded.*