## Louis Greenberg v. Everett G. Eberhart.

### Gen. No. 13,237.

SALE—*what does not render fraudulent as against execution or attachment creditors.* The lending for a temporary purpose, after purchase, of personal property to the vendor, does not avoid the sale where the property had been purchased in good faith, was loaned before the issuance of the writ and had not been the basis of the extension of credit to the vendor.

Replevin. Appeal from the Superior Court of Cook County; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed April 29, 1907.

STEDMAN & SOELKE, for appellant; C. STUART BEATTIE, of counsel.

LEE & HAY, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The action is replevin by appellee against appellant. The declaration contains two counts, one in replevin for the wrongfully taking of an automobile, and one in trover. The defendant pleaded *non cepit* and two special pleas, one that, September 19, 1904, he was a constable, and an execution of said date, issued by a justice of the peace on a judgment rendered by said justice, in favor of the Robinson Taft Co., a corporation, against H. E. Hurlbut, for the sum of $172 and costs, came to his hands, by virtue of which execution he took the property in the declaration mentioned, and the same was the property of said Hurlbut, and not of the plaintiff. The other special plea is that he took the property on a writ of attachment issued by a justice of the peace January 17, 1905, etc. The property was taken on the replevin writ. The jury found the issues for the plaintiff and assessed the plaintiff's damages at the sum of $445; but the court, on motion of the defendant for a new trial, required the plaintiff to remit $72 from the sum assessed, and on the plaintiff so doing, overruled the motion for a new trial and rendered judgment for $373.

The question presented for decision is, whether the property, at the dates respectively of the issuing of the execution and the levy of the attachment writ, above mentioned, was the property of Hurlbut or that of the plaintiff Eberhart. The automobile was sold by Charles A. Coey to Harris E. Hurlbut, for the sum of $2,500, and Hurlbut paid Coey a certain part of the purchase money in cash, and gave him two notes for the balance, one for $500, due June 16, 1904, with interest at 6 per cent per annum, and one for $505, due July 2, 1904, with interest at 6 per cent per annum, and, to secure payment of the same, executed to Coey a chattel mortgage of the automobile, of date June 3, 1904, which

was acknowledged and filed for record the day of its date. After the execution of the mortgage, and in June, 1904, a writ of attachment in the suit of Hester W. Brown v. H. E. Hurlbut was levied on the property.

The chattel mortgage contains the following provision:

"Or, if any writ, or any distress warrant, shall be levied on said goods and chattels, or any part thereof, then, and in any or either of the aforesaid cases, all of said notes and sum of money, both principal and interest, shall, at the option of the said mortgagee, his executors, administrators or assigns, without notice of said option to any one, become at once due and payable, and the said mortgagee, his executors, administrators or assigns, or any of them, shall thereupon have the right to take immediate possession of said property, and for that purpose may pursue the same wherever it may be found, and may enter any of the premises of the mortgagor, with or without force or process of law, wherever the said goods and chattels may be, or be supposed to be, and search for the same, and if found, to take possession of, and remove, and sell, and dispose of the said property, or any part thereof, at public auction, to the highest bidder, after giving three days' notice of the time, place and terms of sale, together with a description of the property to be sold, by notices posted up in three public places in the vicinity of such sale, or at private sale, with or without notice, for cash or on credit, as the said mortgagee, his heirs, executors, administrators or assigns, agents or attorneys, or any of them, may elect."

June 17, 1904, Coey, the mortgagee, Mr. Levering, Coey's attorney, H. E. Hurlbut and Mr. Hay, his attorney, met in the office of Mr. Levering, when a document, in substance as follows, was executed:

"Know all men, etc.  *  *  *  that C. A. Coey *  *  * in consideration of the sum of $1,137.50 *  *  * to him in hand paid  *  *  * by Everett G. Eberhart,  *  *  * does grant, bargain, sell and deliver unto said party of the second part all of the following goods, chattels and property, to-wit:  One Automobile known as

a Thomas Flyer, 24 Horse Power, taken by said C. A. Coey for a foreclosure under a chattel mortgage on said automobile executed by Harris E. Hurlbut on June 3rd, 1904, to secure two notes for $500.00 and $505.00, respectively, signed by said Hurlbut, and to further secure expenses of recaption and foreclosure, if any, which said automobile is hereby sold to cover said sum and costs. Said mortgage being recorded in Chicago, Cook County, Illinois, as Document Number 3547699, Book of Records 8610, page 69. And Harris E. Hurlbut hereby requests and ratifies the making of said sale and hereby directs the payment of the consideration to C. A. Coey, to have and to hold the said goods, chattels and property unto the party of the second part, his heirs, executors, administrators and assigns, to and for their own proper use and behoof, forever, conveying only the interest of Harris E. Hurlbut, as acquired through said mortgage.

In witness whereof, I have hereunto set my hand and seal, the 17th day of June, 1904.

C. A. COEY    (Seal).<br>HARRIS E. HURLBUT (Seal)."

The evidence shows that $1,625 was paid by Eberhart, the plaintiff, of which sum $1,164.75 was paid to Coey, $410.30 was used in payment of the Brown claim, and the remainder was paid Hurlbut. Mrs. Brown's attorney, on receipt of a check for the amount of his client's claim, which check is marked paid, gave to Mr. Hay, Hurlbut's attorney, a stipulation agreeing to a dismissal of the suit of Mrs. Brown against Hurlbut, without costs. There can be no question that this arrangement between the parties, made June 17, 1904, vested title to the automobile, at that date, in Eberhart. The defendant's attorneys, however, contend that Hurlbut, the mortgagor, continued in possession of the property, and therefore the transaction, as between the plaintiff, Eberhart, and Hurlbut's creditors, was fraudulent in law, and the execution and attachment writ when levied became liens. The evidence shows that the automobile was delivered to the plaintiff, after which he permitted it to be kept in a garage in Chicago, to be rented out by Hurlbut, by

the hour, and, subsequently, plaintiff sent for it and had it brought to Mishawaukee, Indiana, where he lived, and afterward sent it to Chicago for sale.   Eberhart testified, in substance, that he loaned the automobile to Hurlbut to rent out for a while for the benefit of the latter, who is his brother-in-law, and that it was so hired out until he had it brought to Mishawaukee.   There can be no question, as we think, of the good faith of the plaintiff in purchasing the automobile.   A man is not likely to pay out $1,625 in money for the purpose of cheating some one.   There is not a particle of evidence that the plaintiff in the judgment on which the execution issued, or the plaintiff in attachment, credited Hurlbut on the faith of his ownership of the automobile.

The property, as shown by the evidence, was purchased for a sufficient consideration, and after it had been loaned temporarily, the purchaser sent for it and had it brought to his residence in another State.   The loan was for a temporary purpose, and before the execution or writ of attachment in question was issued, and did not avoid the sale, as matter of law.   Brown v. Riley, 22 Ill., 45; Neece v. Haley, 23 ib., 416; Cunningham v. Hamilton, 25 ib., 228; Wright v. Grover, 27 ib., 426; Bowden v. Bowden, 75 ib., 143.

Whether the loaning the property to Hurlbut temporarily was in fact fraudulent, was a question for the jury (Brown v. Riley, *supra*), and we are not disposed to interfere with their verdict on the question.

Counsel for plaintiff urge as error the refusal of this instruction:   "The court instructs the jury that clearer and more convincing proof of good faith is required, where the parties to a bill of sale are near relations, than where they are strangers."   Martin v. Duncan, 156 Ill., 274, 280, and Clark v. Harper, 215 ib., 24, are cited in support of the instruction.   In the former case no such instruction was involved, and in the latter, there is a mere expression of opinion by the court, no instruction being quoted.

Waiving the question whether such an instruction as that in question should be given in any case, which we very much doubt, it has no application in this case, in which Coey, the

seller, and plaintiff, the purchaser, were strangers to each other.

The judgment will be affirmed.

*Affirmed.*