### City of Lincoln v. Henry Heinzel.

1. INSTRUCTIONS—*upon duty of city with respect to streets, erroneous.* An instruction which makes the city liable in case "the inlet used by the city was not ordinarily safe for horses passing along by the same on the pavement," is erroneous in that it requires more than the exercise of that degree of care required by law.

2. INSTRUCTION—*when error in, not cured by others given.* An error in an instruction is not cured by a correct statement of the law in another instruction given.

Action on the case. Appeal from the Circuit Court of Logan county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the November term, 1906. Reversed and remanded. Opinion filed June 1, 1907.

WALLACE & BECKERS, for appellant.

HUMPHREY & ANDERSON, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Henry Heinzel, by his next friend, brought suit against the city of Lincoln to recover damages claimed by Heinzel to have resulted from the alleged · negligence of said city in the construction of one of the intakes, connecting with the sewer system of said city, by means whereof a horse belonging to said Heinzel was injured. There was a verdict and judgment in favor of Heinzel in the sum of $110, and the city appealed.

Appellee was riding his horse upon one of the public streets of appellant, when, it is claimed, the horse slipped upon the pavement and so fell that one of his hind legs was thrust into the mouth of the intake, and while attempting to arise, the horse broke his leg and was so badly injured that he had to be killed. The intake was set in a concrete curb and was so constructed that it had an opening which was twenty-two inches long and five and one-fourth inches high, the lower edge of which opening was about on a level with the pavement adjoining it. Appellee claims that the intake was negligently constructed in not having any bars or fingers across the opening or mouth thereof to prevent, or guard against, the happening of an accident or injury of the kind involved.

Appellant contends that the intake was of the most modern pattern and was approved by men skilled in the use of such appliances. The evidence was conflicting and the question was a very close one whether or not the using of the intake described by the city was such negligence upon its part that appellee should be allowed to recover. In such a case it is important that the jury be accurately instructed. Buckler v. City of Newman, 116 Ill. App. 546; Morris. v. Coombs, 109 Ill. App. 176.

Upon the trial appellee asked, and the court gave the following instruction:

"The court instructs the jury that if you believe

from the evidence and from what you saw that the inlet used by the city at the place of injury is not ordinarily safe for horses passing along by the same on the pavement, then, even if you believe this form of inlet is used by other cities and towns in a similar case, that would not prevent the city being liable in this case, if the plaintiff has proved by a preponderance of the evidence that said horse was injured as alleged in the declaration and that he was in the exercise of due care and caution himself.''

This instruction was erroneous in making the city liable in case ''the inlet used by the city was not ordinarily safe for horses passing along by the same on the pavement.'' A city is only required to use reasonable care and diligence to keep its streets in a reasonably safe condition and repair for travel. City of Rock Island v. Gingles, 217 Ill. 187.

Appellee contends, however, that his error was overcome by the giving of instructions for appellant in which the correct rule was stated.

It is true that some of appellant's instructions given stated the rule correctly; yet, as the degree of care which the city was called upon to exercise was the material proposition of law involved in the case, it was error to give an instruction for appellee which told the jury that appellant was liable if the inlet was not ordinarily safe, instead of imposing upon it the duty only of using reasonable care in that regard.

It is error to give instructions which contradict each other as to material propositions of law in a case. C. & A. R. R. Co. v. Henline, 120 Ill. App. 134.

For the reasons given the judgment will be reversed and the cause remanded.

*Reversed and remanded.*