EVERETT G. EBERHART, Appellee, vs. LOUIS GREENBERG,
.            Appellant.

*Opinion filed December 17, 1907.*

1. REPLEVIN—*Appellate Court's judgment is final as to contro-*
*verted questions of fact.* Whether the evidence in a replevin suit
sufficiently shows that the plaintiff is entitled to the possession of
the property and to damages for its detention is a question of fact,
upon which the judgment of the Appellate Court affirming the
judgment below is final.

2. SAME—*when refusal of an instruction is not reversible error.*
Refusal, in a replevin suit, of an instruction stating that "clear and
more convincing proof of good faith is required where the parties
to a bill of sale are near relations than where they are strangers,"
is not reversible error, where the issues of the case were simple,
the jury fairly instructed as to the law and there has been a fair
and impartial trial.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. ROBERT W. WRIGHT,
Judge, presiding.

C. STUART BEATTIE, for appellant.

HAY & BROWN, for appellee.

· Mr. CHIEF JUSTICE HAND delivered the opinion of the
court :

This was an action of replevin commenced in the su-
perior court of Cook county by the appellee, against the
appellant, to recover the possession of an automobile and
damages for its detention. The appellant pleaded *non cepit*
and that he took possession of said automobile as a con-
stable, under an execution and a writ of attachment, as the
property of Harris E. Hurlbut. The jury found the issues
for the appellee and assessed his damages at $445, upon
which verdict the court rendered judgment for the appellee
· for the possession of the automobile and for $373 damages,

the appellee having been required by the court to remit $72 from the amount of the verdict, which judgment has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

The appellant urges in this court two reasons as grounds for a reversal: First, that the evidence does not show the appellee was entitled to the possession of the automobile or to recover damages for its detention; and second, that the court improperly refused to give to the jury the appellant's seventeenth instruction, which reads as follows:

"The court instructs the jury that clearer and more convincing proof of good faith is required where the parties to a bill of sale are near relations than where they are strangers."

The automobile was sold by Charles A. Coey to Harris E. Hurlbut for the sum of $2500. Hurlbut paid a part of the purchase money in cash and gave his two promissory notes, one for the sum of $500, due June 16, 1904, and one for the sum of $505, due July 2, 1904, with interest at six per cent per annum, for the balance of the purchase price of said automobile, which promissory notes were secured by a chattel mortgage upon the automobile, and which mortgage provided that in case said automobile should be levied upon by any writ, the mortgagee might declare the indebtedness secured by said chattel mortgage to be due and payable and take possession of said automobile and sell the same at public or private sale, to make the amount of the debt secured by said chattel mortgage. The automobile was seized by the sheriff of Cook county upon a writ of attachment sued out by Hester W. Brown in one of the courts of record in said county against said Harris E. Hurlbut, whereupon said Charles A. Coey replevied the same from the sheriff of Cook county and thereafter sold the same at private sale to the appellee, who was a brother-in-law of Hurlbut, for the sum of $1625, out of which the claim of Hester W. Brown and the mortgage notes of Coey were paid, and the balance, about $50, was paid to Harris E. Hurlbut and the auto-

mobile was delivered to the appellee, who placed it in a garage in the city of Chicago, and after a time it was taken, by the direction of the appellee, to his home in the State of Indiana, where it remained for some time, when it was returned, under his direction, to the city of Chicago and placed in the hands of a dealer in automobiles for sale, when it was seized by the appellant, as a constable, upon an execution and writ of attachment which came into his hands against Harris E. Hurlbut subsequent to the sale of the automobile to the appellee.

The only contested question of fact upon the trial of the case below was whether there was such a delivery of said automobile to the appellee at the time he purchased the same from Coey as would pass title to the appellee as against the creditors of Hurlbut. The jury found upon that question in favor of the appellee and the evidence found in this record fairly tends to support such finding, and the judgment of the Appellate Court upon that question is binding upon this court. As to the first contention of the appellant, therefore, he is concluded by the judgment of the Appellate Court.

In the cases of *Martin* v. *Duncan,* 156 Ill. 274, and *Clark* v. *Harper,* 215 id. 24, there is language found which corresponds substantially with that found in appellant's seventeenth instruction. Those cases, however, are so different from the case at bar upon the facts that we do not think what was said in those cases applies with much, if any, force to the case at bar. We are of the opinion, therefore, that the refusal of the court to give said seventeenth instruction offered on behalf of the appellant, under the facts of this case, did not constitute reversible error. The facts in this case were not complicated, and the appellant, so far as we can see, had a fair and impartial trial before the jury, and the court fairly instructed the jury as to the law of the case.

The judgment of the Appellate Court will therefore be affirmed.                              *Judgment affirmed.*